965 F.2d 1064
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Florencio O. MERCADO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3014.
 United States Court of Appeals, Federal Circuit.
 April 10, 1992.
 
 Before ARCHER, MAYER and MICHEL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Florencio O. Mercado petitions for review of an April 30, 1991 decision of the Merit Systems Protection Board (Board), Docket No. SE08319110158, which became final by the Board's order of August 23, 1991, affirming the Office of Personnel Management's (OPM) reconsideration decision that denied Mercado's application for a civil service retirement annuity. We affirm.
 
 DISCUSSION
 
 2
 Mercado, a Philippine national, claims he is entitled to a deferred civil service retirement annuity based upon civilian and military service from 1940 to 1946. The Board upheld OPM's determination that Mercado had not shown that he met the requirements for entitlement to a civil service retirement annuity.
 
 
 3
 Under our standard of review we must affirm the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 4
 Eligibility for a civil service retirement annuity requires that an employee have at least five years of creditable service. See 5 U.S.C. § 8333. The Board gave considerable weight to a statement from the National Personnel Records Center that a search of its records did not reveal evidence of any civilian employment of Mercado during the period 1940 to 1946. The only evidence that Mercado produced before the Board consisted of a military discharge certificate showing that he served in the Philippine Army from December 8, 1941 to February 12, 1946. Based on the apparent absence of civilian service and less than five years of Philippine Army service, the Board held that the five years of creditable service requirement was not satisfied. Mercado has not shown otherwise. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987) (employee has burden to establish entitlement to benefits).
 
 
 5
 Accordingly, under our standard of review we conclude that the Board's decision must be affirmed.